## Justice et al. v. Booten.

(Decided Dec. 3, 1937.)

J. E. CHILDERS for appellants.

ANDREW E. AUXIER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

In January, 1932, Pike county, acting through its duly appointed building commission, composed of the county judge and other officials, contracted with the appellants, Joe H. Justice and A. S. Johnson, partners, doing business under the name of Joe H. Justice Building Company, hereinafter, for the sake of brevity, referred to as the appellant company, to remodel and enlarge the Pike county courthouse, according to certain plans and specifications, for an agreed price of $87,300, subject, however, to the commission's right to alter same by its later making changes therein, or additions thereto, and paying the compensation therefor which might be agreed upon between the contractors and the building commission.

Pursuant to such understanding and working plan, including the changes and additions thereunder made, the contracted remodeling and enlargement of the courthouse was finally completed in June, 1933, when the de-

fendants (here appellants) claim they were paid on final settlement had with the county therefor the sum of $100,633.21 or $13,333.21 more than the original price, which was found due and allowed them for the various changes and additions made to the original plans and specifications, which required both extra work and materials for carrying them out.

After the appellant company had secured this building contract, they advertised for bids of subcontractors to do certain portions of the work.

For the roofing and sheet metal work required on the cornice and tower of the courthouse the appellee was awarded the subcontract at an agreed price, under the original plans and specifications, of $3,000, by the terms of which he was to furnish both the materials and labor required therefor.

The record discloses that, after the making of this subcontract by the appellee (plaintiff below), various alterations and additions were made to the original plans by the building commission, as to this roofing work, which called for much additional work and more expensive roofing material to be done and furnished by the appellee, embracing (among other minor changes) a change in the character of roofing, from slate to the more expensive type of tile roofing, on a portion of the roof; the heightening of the tower on the courthouse by an additional 15 foot section; also the reroofing of an old portion of the courthouse with material composed of different layers not called for by the original plan.

Plaintiff claims that, because of these changes made in the original plans, he was required to furnish much additional and costly material of such character that its installation was very complicated, and required his employment of very expensive and highly skilled labor; also that the clock tower called for by the original plans was to be of similar dimensions with those of the old one then on the courthouse, but only changed in being differently located, and that the framework of such a tower he was to cover had already been erected when the building commission decided that so small a tower would not harmonize with the dignity and size of the new building, and that its height should be raised by adding an entirely new section, approxmately 15 feet high, and its base dimensions also increased.

On account of the extra materials and extra

amount and class of labor called for by reason of these innovations and changes made in the original plans and specifications, this controversy over the extra compensation owing therefor by the contractors to the appellee, subcontractor, has arisen.

The latter claims that he has by these changes, been called upon to furnish extra material and labor to the amount of $3,046.10, over and above the contract price of $3,000 agreed upon with the appellant company for furnishing the materials and doing the roofing work called for by the original plans and specifications, and that there was due him for his labor and materials furnished by him in performing both agreements a total of $6,046.10, upon which total amount he had been paid or received from the appellant only $3,755.48, leaving a balance owing him thereon of $2,290.62. The appellant company having failed to pay or settle with him therefor, he brought this action for recovery of this amount, allegedly owing, with interest, and asked that the cause be referred to the master commissioner for an accounting between him, the plaintiff, and the defendant company and that he have judgment against the defendants, Justice and Johnson, and each of them for the sum stated and interest.

To the petition, asking such relief, the defendants filed answer and counterclaim, whereby they first denied each of the several itemized claims therein, allegedly owing for extra work and material furnished on the building by appellee, as subcontractor, and further affirmatively pleaded, by way of counterclaim, that the appellee had breached the terms of the roofing contract, in that he had therein agreed to complete the same within 60 days after its making, but had failed to do so; that he had quit the job entirely in January, 1933, and refused to proceed any further with carrying it out; that his needless delay and inattention to the performance of his contract had resulted in both delaying and damaging their work and that of the other subcontractors, and by reason of which things they counterclaimed for damages thereby caused them in a total sum of $3,000, and, further, they denied that they had paid plaintiff upon his claim of $6,046.10 for extra work and materials furnished and for those furnished under his original contract only the amount of $3,755.48, but had, in fact, paid him thereon the sum of $4,442.48.

A reply, denying these matters of counterclaim, completed the issues, when the case was referred to the master commissioner for the hearing of proof upon them, who thereafter made a report of his findings based upon the pleadings and evidence so heard, wherein he found there remained owing and unpaid plaintiff on the amount earned the sum of $1,595.38, and that the defendants' counterclaim for damages was not supported by the proof, and recommended that the plaintiff recover judgment against the appellant company for $1,595.38, with interest.

Exceptions to the report were filed by both parties. Upon the later submission and hearing of these exceptions by the court, those filed by plaintiff were withdrawn and the cause heard only upon the exceptions of the defendants, when it was adjudged that the report of the commissioner be sustained as to each of its findings, and that the plaintiff recover the sum recommended, of $1,595.38, with interest from January 20, 1933, until paid.

From this judgment this appeal is prosecuted.

Appellants here seek a reversal of the judgment upon the ground that the evidence introduced in support of appellee's claim is not sufficient to sustain the court's judgment awarding a recovery thereon; that his several claims made for extra work and materials furnished are but his conclusions and of too uncertain character to justify the commissioner's findings thereon; that they are merely the plaintiff's unsupported statements as to the amount of extra work and materials for which he claims the amounts stated are due him, in that he did not produce any receipted bills, checks, or vouchers or give the names of persons or firms from whom he purchased the roofing materials or the amount thereof, or the names of his helpers and employees who did the work for him.

As to this it is sufficient to say that the testimony given in evidence before the commissioner by the plaintiff and his witnesses was to the effect that this roofing contract was allotted him by the appellants in the summer of 1932, and that it contained no time limit within which it was to be completed, nor was any time limit fixed, it was, to like effect, testified by other subcontractors employed to do other portions of the building work, by the appellants, in their contracts, nor in

the latter's own contract had with the county, but that it was expressly provided by the terms of the contract had between the building commission and the appellant contractors that, due to the changes and alterations which the commission reserved the right to make, there could be no time limit fixed in the contract, as they would necessarily call for additional time in which to complete them and which did extend the completion of the courthouse until in June of the following year, 1933; that a like understanding was had between the appellee subcontractor and the appellants, by reason of the fact that their contract was made subject to the same terms and provisions, allowing for later changes and corrections in the plans desired to be made by the building commission, which would alike delay the appellee in completing his part of the courthouse remodeling work.

The appellee, so fortified in his denial that his roofing contract with appellants contained any time limit for its completion or that he quit same before its completion, further testified that upon entering into this contract with appellants in the later summer of 1932, he, with his crew and foreman, had gone steadily to work upon its performance and that he had duly carried out the same, either under his own or his foreman's supervision, in so far as they were permitted to do so in keeping with the general progress of the building and as rapidly as defendants would furnish him with the scaffolding and other working facilities required for doing this extra work called for by the later changes in the plans and specifications; that subject to such interruptions and delays, his work was steadily looked after and cared for by him, or his foreman, up until the time he became ill in January, 1933, which stopped his prosecution of it for the short period of its duration, but that, upon his recovery and return, he then was told by the defendants that they had taken over into their own hands the finishing of this extra work, when he had then offered to complete the remainder of the extra job for some $400, which they declined, adhering to their election to finish it themselves, which they did, at a claimed cost to them of something over $2,000, caused by their having to do over much of the work, due to its having been done, at first, improperly.

The appellants admit that they were paid by the county, for doing all the extra work and furnishing of extra materials embraced and called for by the changes

and alterations made in the original plans and specifications, the sum of $13,333.21, but fail to show what part thereof was paid them for the extra roofing work done and materials furnished therefor by appellee, except as to the one item of roofing done on the enlarged tower, for which appellee claimed he earned some $1,300, but for which he was allowed by the court a recovery of something less than $900, upon the ground that the appellants had received only this lesser amount from the county. However, as the appellee withdrew his exception to this item of the finding, its propriety is not before us and does not call for discussion.

It appears conceded that all the items "a to i," claimed and alleged by plaintiff in his petition to represent certain items of extra work and materials furnished by him, together with the cost and price claimed respectively therefor, were agreed upon between the parties before the work was begun or finished by the plaintiff, but that the other and larger items, designated as "j, k and l," claimed for, the last involving the sheet metal work called for by the extra 15 feet added to the height of the tower, represented work the cost of which could not be agreed upon in advance and therefore was performed upon a "force account" agreement, providing for a 10 per cent. profit to appellee therefor. It is to be noted that the appellee seeks by his action no recovery for breach of contract, but asks only the balance claimed owing and unpaid him upon the contracted work and material actually furnished by him.

Plaintiff further introduced evidence tending to support the allegations of his pleading that he had performed such extra work and furnished such extra material as was specified in the twelve items of his account, "a" to "l," which amounted, in their aggregate, to a total of $3,046.10 and which he alleged and testified he was entitled to recover, subject only to admitted credits given thereon for amounts paid him in the sum of $755.48.

From the proof heard, the master commissioner found that the defendants were entitled, upon the whole accounting made, to the larger credit it claimed, in the amount of $1,027.48, by reason of their having paid for extra material and other items chargeable under the contract to plaintiff, for which he had not given the defendants credit. Also, the commissioner found from

the proof that defendants' claim to a larger amount of credit for payments made plaintiff in the sum of $1,442.48 upon the $3,046.10 claim of plaintiff for this extra work and material was also in error by the amount of $415, which sum was found to have been paid by defendants to plaintiff for roofing work done, not upon his courthouse job, the payment for which is only here involved, but upon an apartment house owned by Justice, during the progress of his courthouse work.

In view of these clear and apparently exact and accurate findings made by the commissioner, which have been found and confirmed as correct by the court, and after a careful review of the evidence supporting the findings and judgment thereon for appellee in the sum of $1,595.38 with interest, as representing the proper and true net amount earned by and owing plaintiff for the extra work and material furnished under his said contract, we are led to conclude that the evidence given by plaintiff and his witnesses was amply sufficient to support the judgment of the court, and therefore it should not be disturbed.

Wherefore it follows that the judgment of the chancellor is affirmed.